IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MICHAEL L. PINKERMAN, SR., et al.,

        Plaintiffs,

v.                                                  CIVIL ACTION NO.   3:21-cv-00579

CABELL COUNTY COMMISSION, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

*I.   BACKGROUND*

Pending before the Court are Defendants West Virginia State Police and Sgt. Losh's (collectively "State Police Defendants") Motion to Dismiss, (ECF No. 33), Defendants Village of Barboursville [1] and Darren McNeil's (collectively "Barboursville Defendants") Motion to Dismiss, (ECF No. 39), and Defendants Cabell County Commission, Cabell County Sheriff's Department, Sheriff Charles Zerkle, Lt. Michael Adkins, Lt. Dale Enochs, II, Sgt. Robert McQuaid, Sgt. Terry D. McFann, II, Deputy Hunter Neil, Sgt. Steven Vincent, Corporal James Johnston, Corporal Jared Cremeans, Deputy Brad Hinchman, Deputy Nathaniel Rodgers, Sgt. Matthew Siebel, Deputy Dakota Render, Lt. Kevin White, Deputy Joshua Parsons, and Deputy Preston Stephens' (collectively "Cabell County Defendants") Motion to Dismiss, (ECF No. 73).

By Standing Order entered January 4, 2016, and in this case on October 28, 2021, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of

---

[1] This Defendant states that it was improperly named as the Barboursville Police Department.  Accordingly, the Court will properly refer to it as Village of Barboursville for purposes of this Memorandum Opinion and Order.

proposed findings and a recommendation for disposition ("PF&R").  (ECF No. 3.)  Magistrate Judge Aboulhosn entered his PF&R on January 26, 2022, recommending that the Court substitute the Village of Barboursville for the Barboursville Police Department as the proper party herein, deny Defendants' motions to dismiss at this time, and stay this action and remove it from the Court's active docket until the final termination of Plaintiff Michael L. Pinkerman Sr.'s ("Michael Sr.") pending state court criminal proceedings, at which time Plaintiffs should petition this Court to lift the stay in this action.  (ECF No. 85.)

On February 8, 2022, the State Police Defendants timely filed objections, in part, to the PF&R, arguing that this Court should reject the PF&R as to Plaintiffs' claims against them and grant their Motion to Dismiss.  (ECF No. 86.)  However, the State Police Defendants stated that they do not object to the PF&R's recommendation that the Court stay this action pending the outcome of Michael Sr.'s state court criminal proceedings should any claim against them not be dismissed.  (*Id.* at 3.)

The Cabell County Defendants filed a Notice of Joinder, In Part to the State Police Defendants' Objections on February 9, 2022.  (ECF No. 87.)  The Barboursville Defendants filed a Notice of Joinder, In Part to the State Police Defendants' Objections on February 10, 2022.  (ECF No. 88.)  However, neither the Cabell County Defendants, nor the Barboursville Defendants, objected to the PF&R's recommendation that the Court stay this action pending the outcome of Michael Sr.'s state court criminal proceedings.  Further, Plaintiffs filed no objections to the PF&R.

## II. LEGAL STANDARD

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and a party's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## III. DISCUSSION

As noted above, the State Police Defendants state that "[t]o the extent any claim against [them] is not dismissed, [they] do not object to the [PF&R's] recommendation to stay the proceeding pending the outcome of [Michael Sr.'s] state court criminal proceeding." (ECF No. 86 at 12.) Furthermore, the Cabell County Defendants, the Barboursville Defendants, and Plaintiffs did not object to the PF&R's recommendation regarding a stay of this civil action pending final resolution of Michael Sr.'s state court proceedings. Therefore, insofar as this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed, *see Thomas*, 474 U.S. at 150, the Court **ADOPTS** the PF&R to the extent it recommends a stay of this civil action pending final resolution of Michael Sr.'s pending state

3

court criminal proceedings. The Court **ORDERS** Plaintiffs to petition this Court to lift the stay in this civil action upon final resolution of Michael Sr.'s pending state court criminal proceedings.

The Court **SUSTAINS** the State Police Defendants' objections only to the extent the PF&R recommends that the Court deny Defendants' pending motions to dismiss at this time. The Court will defer ruling on Defendants' pending motions to dismiss, (ECF Nos. 33, 39, 73), until after the stay in this civil action is lifted.

Finally, the Court **ADOPTS** the PF&R to the extent that it recommends that the Village of Barboursville be substituted for the Barboursville Police Department as the proper party herein, and **DIRECTS** the Clerk to update the style of this case to reflect the substitution of the Village of Barboursville for the Barboursville Police Department as the proper defendant in this matter.

## IV. CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the PF&R to the extent it recommends a stay of this civil action, **STAYS** this civil action pending final resolution of Plaintiff Michael L. Pinkerman, Sr.'s state court criminal proceedings, **SUSTAINS** the State Police Defendants' Objections only to the extent that the Court will defer ruling on Defendants' pending motions to dismiss until after the stay in this case has been lifted, and **DIRECTS** the Clerk to update the style of this case to reflect the substitution of the Village of Barboursville for the Barboursville Police Department as the proper defendant in this matter. Further, the Court **DIRECTS** the Clerk to remove this action from the Court's active docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 12, 2022

_____
THOMAS E. JOHNSTON, CHIEF JUDGE